IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **LARRY ADAMS (A25147),** | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 06 C 2136<br>) Magistrate Judge Michael T. Mason |
| **COOK COUNTY DEPARTMENT**<br>**OF CORRECTIONS et al.,** | )<br>)<br>) |
| Defendants. | )<br>) |

## MEMORANDUM OPINION AND ORDER

The Plaintiff, Larry Adams (A25147) ("Plaintiff"), currently incarcerated at Tamms Correctional Center, has filed a *pro se* action under 42 U.S.C. § 1983 against Defendants Dr. L. Richardson, Dr. Sergio Rodriguez, and Dr. Ann Dunlap. In Plaintiff's Second Amended Complaint, filed August 30, 2006, he alleges that while he was in custody at the Cook County Jail, Defendants acted with deliberate indifference to Plaintiff's serious medical needs in violation of his Fourteenth Amendment rights. Defendants have filed a motion to dismiss Plaintiff's complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Plaintiff has filed a response, and Defendants have filed a reply. On November 17, 2006, the Executive Committee reassigned this case to Magistrate Judge Michael Mason pursuant to LR 73.1. For the reasons stated in this order, Defendants' motion to dismiss is granted in part and denied in part.

### I. STANDARD OF REVIEW ON A MOTION TO DISMISS

It is well established that *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000). A *pro se* complaint may be dismissed for failure to state a claim only if it appears "beyond

doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines v. Kerner*, 404 U.S. 519, 521 (1972); *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000). Fact pleading is not necessary to state a claim for relief; the federal rules follow a notice pleading requirement. *Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004). To satisfy the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), the plaintiff need only state his legal claim and provide "some indication . . . of time and place." *Id.* at 971.

When considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court takes the allegations in the complaint as true, viewing all facts, as well as any inferences reasonably drawn therefrom, in the light most favorable to the plaintiff. *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits. *Weiler v. Household Finance Corp.*, 101 F.3d 519, 524 n. 1 (7th Cir. 1996) (citations omitted).

## II. FACTS

Plaintiff's *pro se* Second Amended Complaint alleges that, on September 14, 2004, and on September 20, 2004, Defendants, Dr. Rodriguez, Dr. Richardson, and Dr. Dunlap, acted with deliberate indifference to Plaintiff's serious medical needs while he was in custody at the Cook County Jail. Plaintiff states that, on September 14, 2004, he informed a jail officer that Plaintiff was having shortness of breath and pain in his right side. According to Plaintiff, either that officer or another officer fabricated a story that Plaintiff fell out of the top bunk so that Plaintiff could see a doctor sooner. Plaintiff was taken to Cermak Hospital, where he was seen by Dr. Richardson. Plaintiff states that Dr. Richardson did not take any of Plaintiff's vital signs, did not examine Plaintiff, told Plaintiff that he had a pulled muscle on his side, and gave him two Tylenol. Several

days later, Plaintiff's condition worsened and, on September 20, 2004, Dr. Ann Dunlap examined Plaintiff, determined that he had a high temperature and that his lungs were congested, and ordered that x-rays be taken the following day. X-rays taken the next day revealed that Plaintiff had pneumonia. He was then taken to Providence Hospital where he was treated for several days.

## III. ANALYSIS

In order for a prisoner to state a valid claim that defendants acted with deliberate indifference to a serious medical need, his complaint must be sufficient enough such that he will be able to demonstrate that: (1) he had a serious medical need and (2) the defendants acted with deliberate indifference to that need. *Norfleet v. Webster*, 439 F.3d 392, 395 (7th Cir. 2006) (*citing Estelle v. Gamble*, 429 U.S. at 97). A deliberate indifference claim has both objective and subjective elements. The prisoner must be able to demonstrate that his medical need was objectively serious and that the defendants acted with a subjectively culpable state. *Edwards v. Snyder*, 478 F.3d 827, 830 -831 (7th Cir. 2007) (citing *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970 (1994)).

Plaintiff's complaint is sufficient to establish that he had a serious medical need. A medical condition "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention" may establish a serious medical need. *Edwards V. Snyder*, 478 F.3d at 830-31 (*quoting Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005); *see also Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). Defendants do not contend that Plaintiff's medical need was not serious. Rather, they simply observe a discrepancy in Plaintiff's pleadings with respect to his description of his condition when he first saw a doctor on September 14, 2004 — noting that he alleged in his Second Amended Complaint that he complained of a pain in his right side, but then stated in his response to the motion to dismiss that he complained

of a pain in his chest. To the extent that this observation challenges the sufficiency of Plaintiff's complaint with respect to whether he had a serious medical need, such a challenge is unavailing. Plaintiff alleges that he was having "shortness of breath" and "severe pain in [his] right side" before seeing Dr. Richardson on September 14, 2004, and that Plaintiff was having shortness of breath, pain in his right side, and a high fever several days later when he saw Dr. Dunlap on September 20, 2004. Viewing Plaintiff's allegations in a light most favorable to him, he may be able to prove a set of facts to establish that his condition on both dates was serious enough to require treatment. *See Haines v. Kerner*, 404 U.S. at 521; *Gutierrez v. Peters*, 111 F.3d at 1373-74.

With respect to the subjective component of a deliberate indifference claim, Plaintiff's complaint is sufficient such that he may be able to establish a valid deliberate indifference claim against Defendants Dr. Richardson and Dr. Dunlap, but not against Dr. Rodriguez. To establish deliberate indifference, Plaintiff must prove that Defendants "knew of a substantial risk of harm to the inmate and disregarded the risk." *Edwards v. Snyder*, 478 F.3d at 831; *Farmer v. Brennan*, 511 U.S. at 834. Mere medical malpractice or disagreement with a doctor's medical judgement is not deliberate indifference. *Edwards v. Snyder*, 478 F.3d at 831. "Still, a plaintiffs receipt of some medical care does not automatically defeat a claim of deliberate indifference if a fact finder could infer the treatment was 'so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate' a medical condition." *Edwards v. Snyder*, 478 F.3d at 831, *quoting Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir.1996).

Although Plaintiff lists Dr. Rodriguez as a defendant, Plaintiff asserts no allegations involving Dr. Rodriguez. After twice amending his complaint and responding to Defendants' motion to dismiss, Plaintiff allegations remain silent as to Dr. Rodriguez's involvement. Although

federal complaints are notice pleadings and require only the stating of "the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer," *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002), "a complaint must at least 'include the operative facts upon which a plaintiff bases his claim.'" *Kyle v. Morton High School*, 144 F.3d 448, 455 (7th Cir. 1998) (*quoting Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir.1992). A plaintiff "can plead conclusions," but "the conclusions must provide the defendant with at least minimal notice of the claim." *Kyle v. Morton High School*, 144 F.3d at 455 (*citing Jackson v. Marion County*, 66 F.3d 151, 153-54 (7th Cir. 1995). In this case, Plaintiff alleges no facts or conclusions with respect to Dr. Rodriguez to put him on notice how to answer. Also, Plaintiff's listing of Dr. Rodriguez as the medical director indicates that Plaintiff is suing Dr. Rodriguez, at most, only in his supervisory capacity, which does not state a valid 42 U.S.C. § 1983 claim. *See Vance v. Peters*, 97 F.3d 987, 992 (7th Cir.1996) (supervisory medical official cannot incur § 1983 liability unless he was in some way personally responsible for the alleged constitutional deprivation). Therefore, the complaint against Dr. Rodriguez is dismissed without prejudice to Plaintiff later including Dr. Rodriguez as a defendant should it become apparent that Dr. Rodriguez was in some way involved with the actions or inactions giving rise to Plaintiff's deliberate indifference claims.

With respect to Dr. Richardson and Dr. Dunlap, Plaintiff's complaint sufficiently states a claim against these defendants. Although Plaintiff's allegations concerning Dr. Dunlap do not clearly indicate deliberate indifference by her, Plaintiff's complaint nonetheless alleges that he had a serious medical need and that he was treated by both Dr. Dunlap and Dr. Richardson. Plaintiff's complaint puts these Defendants on notice of Plaintiff's claims against them, and Plaintiff may be able to prove a set of facts in support of his claim that entitles him to relief. *Edwards v. Snyder*, 478

F.3d at 831; *Zimmerman v. Tribble*, 226 F.3d at 571. Defendant's motion to dismiss is denied with respect to the claims against Dr. Richardson and Dr. Dunlap.

Plaintiff's complaint also lists Cermak Memorial Hospital as a defendant, but it appears that Plaintiff referred to Cermak Hospital only as a place of employment for Dr. Rodriguez. "Cermak Memorial Hospital" is thus terminated as a party.

## CONCLUSION

Defendants' motion to dismiss [33] is granted with respect to the claims against Dr. Rodriguez. The claims against Dr. Rodriguez are dismissed without prejudice. Defendants' motion to dismiss is denied with respect to the claims against Dr. Richardson and Dr. Dunlap, as Plaintiff's Second Amended Complaint sufficiently states deliberate indifference of a serious medical need claims against these Defendants. Cermak Memorial Hospital is terminated as a party. Defendants Dr. Richardson and Dr. Dunlap are ordered to answer Plaintiff's Second Amended Complaint within thirty days from the date this order is entered on the docket.

ENTER:

**MICHAEL T. MASON**
**United States Magistrate Judge**

**DATED: May 2, 2007**